```
            IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION


JAYANTI PATEL,                  §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:07-CV-010-A
                                §
CITY OF EVERMAN, TEXAS,         §
                                §
        Defendant.              §
```

<u>MEMORANDUM</u>
and
<u>ORDER</u>

Came on for consideration the motion of plaintiff, Jayanti Patel, ("Patel") to remand the above-captioned action. The court, having reviewed the motion, the response of defendant, City of Everman, Texas, ("City"), the record, and applicable authorities, concludes that the motion should be granted.

I.

<u>Nature of the Action</u>

This litigation, an inverse condemnation action, is a continuation of controversies that began in April 1997 between Patel and City over twenty apartment buildings owned by Patel. In addition to the instant action, which was commenced in the District Court of Tarrant County, Texas, 352nd Judicial District, in June 2000, Patel and City have engaged in disputes over Patel's buildings before City administrative agencies and in two prior lawsuits, one in state court and the other in this court. The history of the disputes is set forth in <u>Patel v. City of Everman</u>, 179 S.W.3d 1, 4-6 (Tex. App.--Tyler 2004, pet. denied).

In May 2002 the state court granted a summary judgment in the instant action in favor of City, denying Patel any recovery. Patel appealed to the Court of Appeals of Texas, which, in September 2004, affirmed the judgment as to Patel's claims related to the demolition by City of fifteen of Patel's buildings and remanded as to the other five. Id. As the opinion of the appellate court reflects, the posture of the case when the summary judgment was granted was that Patel was seeking damages against City based on Patel's contention that the conduct of City constituted a destruction of his buildings by City for a public purpose without just compensation. Because of the conclusion of the appellate court that Patel had consented to the demolition by City of fifteen of his buildings, that court affirmed the summary judgment as to those buildings; and, the court remanded for further proceedings Patel's inverse condemnation claims as to the remaining five buildings.[1]

At the time of the remand to the state trial court, the current pleading of Patel was his Sixth Amended Original Petition in which no mention was made of an alleged violation of the United States Constitution. The thrust of Patel's complaint

---

[1] The appellate court listed only four properties by street address as being affected by the remand. Patel v. City of Everman, 179 S.W.3d 1, 18 (Tex. App.--Tyler 2004, pet. denied). This court and the parties concurred during a telephone conference/hearing conducted between the court and counsel on April 16, 2007, that the Texas Court of Appeals overlooked, and undoubtedly intended to include, another building, located at 314 Race Street, as being subject to the remand. The court is satisfied that omission of the 314 Race Street address from the conclusion section of the appellate court's opinion was by mistake.

2

against City in that pleading was that City's conduct constituted "a taking, damaging or destroying of Patel's property for public use and benefit without adequate compensation in violation of Article I, Secs. 17 and 19 of the Constitution of the State of Texas." Sixth Am. Pet. at 4-5, § VI.

After the case was remanded to the state trial court, City filed on October 28, 2006, its Eighth Amended Answer, which responded to the allegations made by Patel against City in his Sixth Amended Original Petition[2] as to the five buildings affected by the remand.[3] In its new pleading, City raised defenses that are predicated on provisions of Chapter 4 of City's Code and Chapter 214 of the Local Government Code of Texas. In response, Patel filed his Seventh Amended & Supplemental Petition on December 29, 2006. His prayer for relief again was based on his inverse condemnation claim, but this time he added in support of that claim reliance on the Fifth and Fourteenth Amendments to the United States Constitution, alleging that:

> Plaintiff complains that Defendant's orders of demolition of his property on March 5, 1998 and subsequent demolition of his property amount to a taking of his property for public use without just compensation, for which Plaintiff is entitled to

---

[2]During the April 16, 2007, telephone conference/hearing, counsel for City acknowledged that the reference in paragraph 1 of City's Eighth Amended Answer to Plaintiff's Fifth Amended Original Petition was in error and should have been to the Sixth Amended Original Petition.

[3]The parties concurred during the April 16, 2007, telephone conference/hearing that only five buildings are now the subject matter of this action--the four mentioned by address in the conclusion of the appellate court opinion, Patel, 179 S.W.3d at 18, and the building at 314 Race Street.

3

> compensation under Article I, Section 17 and/or 19 of
> the Texas Constitution and Amendments V and XIV of the
> United States Constitution.

Pl.'s Seventh Am. & Supplemental Pet. at 4.  By way of avoidance of the affirmative defenses pleaded by City on the basis of provisions of the City Code and Chapter 214 of the Texas Local Government Code, Patel pleaded, in the alternative, that the parts of the Code and Chapter 214 on which City relied are unconstitutional, both facially and as applied to this case, because:

> [T]hey operate to disallow Plaintiff a reasonable
> opportunity to assert his constitutional rights to
> claim damages for an inverse taking under Article I,
> Section 17 of the Texas Constitution and Amendments V
> and XIV of the United States Constitution because (a)
> Plaintiff would lose his right to a jury trial; (b)
> Plaintiff's burden of proof would shift from a
> preponderance of evidence to substantial evidence
> review; (c) Plaintiff's statute of limitations would
> shift from ten (10) years to thirty (30) days; and (d)
> Plaintiff would be required to raise a takings claim
> that was not ripe for review.

Id. at 5.  And, in the further alternative, Patel pleaded by way of avoidance of City's newly pleaded affirmative defenses that the City Code and Chapter 214 are "unconstitutional facially or as applied in this case because they are unconstitutionally vague in violation of Plaintiff's due process rights under Art. 1 Secs. 10 and 19 of the Texas Constitution and the V and XIV Amendments to the United States Constitution."  Id.  Neither of the alternative allegations was tied to any request for relief. Rather, each simply was a theory pleaded by Patel to the end of

defeating City's affirmative defenses to Patel's inverse condemnation action.[4]

## II.

<u>The Notice of Removal, Motion to Remand,
and Response to Motion to Remand</u>

This action was removed by City from state court to this court by notice of removal filed January 4, 2007, alleging that Patel's Seventh Amended & Supplemental Petition asserted for the first time federal takings and due process violations under the Fifth and Fourteenth Amendments to the United States Constitution.  City pleaded 28 U.S.C. § 1331 as basis for federal court jurisdiction, maintaining that "[b]ut for the federal takings claim, the Plaintiff's other claims under the federal constitution are ones over which this Court has original jurisdiction pursuant to 28 U.S.C.A. § 1331, and may be removed to this court by the Defendants pursuant to 28 U.S.C.A. § 1441(b)."  Notice of Removal at 3.  City maintained in the notice of removal that the court has supplemental jurisdiction over Patel's state law claims by reason of the provisions of 28 U.S.C. § 1367(a).  <u>Id.</u>

Patel moved to remand the case to state court on February 2, 2007, maintaining that his federal takings claim is not ripe, with the consequence that this court does not have subject matter

---

[4]The court interprets comments made by counsel for the parties during the April 16, 2007, telephone conference/hearing as confirmations that the analysis of the pleadings set forth in text is a correct one.

5

jurisdiction over that claim, and that the theories he alleged in his Seventh Amended & Supplemental Petition regarding City's Code and Chapter 214 are so intertwined with his allegation that his property was taken without just compensation that they, too, will not be ripe until his takings claim is resolved.  Br. in Supp. of Mot. to Remand at 5.

City's response to the motion to remand acknowledged that, by reason of a holding of the Supreme Court in <u>Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City</u>, 473 U.S. 172, 194-97 (1985), Patel's federal takings claim is not ripe.  However, according to City, the contentions of Patel, by way of pleas in avoidance, based on provisions of the Fifth and Fourteenth Amendments to the United States Constitution are ripe and that, as a result, the court does have subject matter jurisdiction as to those claims.  Br. in Supp. of Def.'s Resp. at 6.

### III.

### <u>Analysis</u>

The holding of the Supreme Court in <u>Williamson County</u> that governs here is that an inverse condemnation claim is not ripe for pursuit in federal district court until the plaintiff has utilized the inverse condemnation procedure provided by state law or there has been a showing that such a procedure is unavailable or inadequate.  473 U.S. at 194-97.  Texas has a procedure in the nature of a damage suit for pursuit of an inverse condemnation claim.  As the Texas Supreme Court explained in <u>Brazos River</u>

6

<u>Authority v. City of Graham</u>, 354 S.W.2d 99 (Tex. 1961) (on rehearing, 1962):

> The constitutional provision contained in Article 1, Section 17 of the Texas Constitution, Vernon's Ann. St., like that contained in the fifth amendment to the federal constitution, has application to cases of inverse condemnation, e.g., that is, cases in which private property is taken or appropriated for public use prior to the institution of formal condemnation proceedings. In such cases, a recovery of compensation may be had by an action in the nature of a damage suit.

<u>Id.</u> at 130-31. <u>See also</u>, <u>Samaad v. City of Dallas</u>, 940 F.2d 925, 935 (5th Cir. 1991). Neither party to this action maintains that the Texas procedure is not adequate. Rather, plaintiff states in his brief in support of the motion to remand that "Texas provides an adequate procedure for compensation [for inverse condemnation when property has been physically appropriated]." Br. in Supp. of Mot. to Remand at 4. City seems to concur, although suggesting that Patel has questioned the adequacy of the state procedure.[5] Br. in Supp. of Def.'s Resp. at 6.

---

[5] The suggestion that Patel has questioned the adequacy of the state procedure is based on the alternative allegation made by Patel in his Seventh Amended & Supplemental Petition that the City Code and Chapter 214 of the Texas Local Government Code "operate to disallow [Patel] a reasonable opportunity to assert his constitutional rights to claim damages for an inverse taking under Article I, Section 17 of the Texas Constitution and Amendments V and XIV of the United States Constitution." <u>Supra</u> at 5. For the court to conclude that the inverse condemnation cause of action is ripe within the meaning of <u>Williamson County</u>, the record of this action would have to establish that Patel "almost certainly would not be compensated under Texas law." <u>John Corp. v. City of Houston</u>, 214 F.3d 573, 581 (5th Cir. 2000) (internal quotation marks omitted). <u>See also</u> <u>Samaad v. City of Dallas</u>, 940 F.2d 925, 934-35 (5th Cir. 1991) (expressing the conclusion that the burden is "of establishing that Texas law unquestionably would afford . . . no remedy" for the taking, at 935). As the removing party, City bears the burden of proving that jurisdiction exists. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511
(continued...)

7

The United States Court of Appeals for the Fifth Circuit consistently has given effect to the Williamson County rule that a takings claim is not ripe until the claimant has unsuccessfully sought compensation from the state through the procedure the state provides, if the procedure is adequate. See Sandy Creek Investors v. City of Jonestown, Tex., 325 F.3d 623, 626 (5th Cir. 2003); John Corp. v. City of Houston, 214 F.3d 573, 581 (5th Cir. 2000); Rolf v. City of San Antonio, 77 F.3d 823, 826-27 (5th Cir. 1996); Samaad, 940 F.2d at 933. Thus, under Fifth Circuit law Patel's Fifth Amendment inverse condemnation claim clearly is not ripe, with the consequence that this court lacks subject matter jurisdiction over that claim.[6]

City argues in its response to the motion to remand that, even so, the court has subject matter jurisdiction because, City maintains, the due process theories Patel alleges as pleas in avoidance in his Seventh Amended & Supplemental Petition are ripe for decision. In support of its argument, City places reliance on Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 125 S. Ct. 2074

---

[5](...continued)
U.S. 375, 377 (1994). If defendant were to contend that this court has jurisdiction over Patel's inverse condemnation cause of action because of ripeness, City certainly has not met that burden.

[6]In recent years, there has been well-reasoned criticism of the Williamson County rule. See San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 348 (2005) (Rehnquist, C.J., concurring). See also Scott A. Keller, Judicial Jurisdiction Stripping Masquerading as Ripeness: Eliminating the Williamson County State Litigation Requirement for Regulatory Takings Claims, 85 Tex. L. Rev. 199 (2006). Needless to say, until the Supreme Court rules otherwise, the Fifth Circuit and this court will be obligated to adhere to the holding in Williamson County no matter how illogical it is.

8

(2005), and the Fifth Circuit's John Corp. opinion.  The court has concluded that City's reliance on those cases is misplaced.

In Lingle, the federal constitutional challenge was of legislation of the State of Hawaii that limited the amount of rent that an oil company could charge a lessee-dealer to 15% of the dealer's gross profits from gasoline sales plus 15% of gross sales of products other than gasoline.  Chevron sought a declaratory judgment that, if allowed to stand, the rent-cap provision on its face would effect a deprivation of Chevron's property in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and, for the same reason, Chevron sought an injunction against application of the rent cap to its stations.  The constitutional challenges made in Lingle were the causes of action of Chevron, and the relief Chevron sought by its litigation was directly tied to, and flowed from, its constitutional challenges.  Chevron was not asserting a claim under the Fifth Amendment's Takings Clause.  It was not seeking relief in the form of damages from an inverse condemnation.

In contrast, here the only relief Patel is seeking by way of damages is for a violation of the Takings Clause.  The constitutional theories Patel urges by its pleas in avoidance simply are issues that might or might not have to be resolved in the course of the resolution of Patel's inverse condemnation cause of action.  They are theories that inhere in his Takings Clause cause of action, and if they need to be resolved it will only be in the process of the resolution of that cause of action.

9

Patel's alternative theories based on the United States Constitution have no independent status in this action. In contrast, in <u>Lingle</u> Chevron's Fifth Amendment theories were the very claims and causes of action presented to the court for ultimate decision, from which the relief Chevron sought directly flowed.

Similarly, the substantive Due Process and Equal Protection Clause claims found by the Fifth Circuit in <u>John Corp.</u> to be ripe, 214 F.3d at 585, had independent standings in the litigation. They were not merely issues that might or might not have to be dealt with by the court in resolving an inverse condemnation action. In the instant case, there is no certainty that Patel's alternative Fifth Amendment theories will be presented for decision in the resolution of his condemnation cause of action. Whether they will be reached for decision will depend on the outcome of the defensive claims asserted by City based on the City Code and Chapter 214. That circumstance alone determines that Patel's alternative due process theories are not ripe. Those theories are so intimately intertwined with Patel's inverse condemnation cause of action that they cannot be separated out and dealt with independently of that cause of action.[7]

---

[7] In <u>Hidden Oaks Ltd. v. City of Austin</u>, 138 F.3d 1036 (5th Cir. 1998), the Fifth Circuit seemed to recognize that a due process claim is not ripe if it directly arises from, or relies on, a taking claim. <u>Id.</u> at 1045 n.6.

10

For the reasons stated, the court concludes that none of Patel's federal law theories are ripe in the sense contemplated by <u>Williamson County</u> and that, therefore, the court lacks subject matter jurisdiction over all of those theories. That being so, the court lacks subject matter jurisdiction over Patel's state court claims as well.

Therefore,

The court ORDERS that this action be remanded to the state court from which it was removed.

SIGNED April 18, 2007.

                                        /s/ John McBryde
                                       JOHN McBRYDE
                                       United States District Judge